# Exhibit A

*Docket, Complaint, Summons, and Civil Information Sheet*

# District of Columbia Superior Court

# **Docket for Case #:** 2018 CA 001084 B

## 2018 CA 001084 B MARIOTTI, ANDREW Vs. ONE BRANDS LLC FYP

| | | | | | |
|---|---|---|---|---|---|
| **Case Type**<br>02/13/2018 | Civil II | **Case Status:** | Open | **File Date:** | |
| **Action:** | Complaint for Deceit<br>(Misrepresentation) Filed | **Status Date:** | 02/13/2018 | **Next Event:** | |
| 05/25/2018 | | | | | |

**All Information**   **Party**   **Event**   **Docket**   **Receipt**   **Disposition**

### Docket Information

| Date | Docket Text | Image Avail. |
|---|---|---|
| 02/13/2018 | Complaint for Deceit (Misrepresentation) Filed  Receipt: 390264  Date: 02/15/2018 | |
| 02/13/2018 | eComplaint. Filed. Submitted: 02/13/2018 14:55. ncv.<br>Attorney: RATHOD, JASON SAMUAL (1000882)<br>ANDREW MARIOTTI (Plaintiff); | Image |
| 02/15/2018 | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 05/25/2018   Time: 9:30 am<br>Judge: PAN, FLORENCE Y   Location: Courtroom 415 | |
| 02/15/2018 | Issue Date:  02/15/2018<br>Service:  Summons Issued<br>Method:  Service Issued<br>Cost Per:  $<br><br>ONE BRANDS LLC<br>5400 West W.T. Harris Blvd.<br>Sutie L<br>CHARLOTTE, NC   28269<br>Tracking No: 5000199773 | |

# Complaint

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| ANDREW MARIOTTI, | : | Case No.: |
| *individually and on behalf of the general* | : | |
| *public of the District of Columbia,* | : | Judge: |
| 2013 New Hampshire Ave. | : | |
| Washington D.C. 20009 | : | |
| | : | **CLASS ACTION COMPLAINT** |
| Plaintiff, | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| v. | : | |
| | : | |
| One Brands, LLC, d/b/a Oh Yeah!, | : | |
| 5400 West W.T. Harris Blvd, Suite L | : | |
| Charlotte, NC 28269 | : | |
| | : | |
| | : | |
| Defendant. | : | |

## PRIVATE ATTORNEY GENERAL AND CLASS ACTION COMPLAINT

***COMES NOW*** Plaintiff Andrew Mariotti, individually and on behalf of all others similarly situated and the general public of the District of Columbia, by and through undersigned counsel, and pursuant to DC Code §28-3905 makes this Complaint against Defendant One Brands, LLC (hereinafter "One Brands" or "Defendant"). In support of this Complaint, Plaintiff states the following:

### JURISDICTION

1. Exclusive subject matter jurisdiction of the Court is invoked pursuant to D.C. Code §28-3905(k)(2) (2013), and by virtue of the fact that all acts and omissions complained of occurred in the District of Columbia.

2. This Court has personal jurisdiction over the Defendant pursuant to D.C. Code § 13-423(a) and § 13-422.

1

3.     Venue lies in the Superior Court of the District of Columbia as the cause of action arose in the District of Columbia.

## PARTIES

4.     Plaintiff Mariotti is an adult resident of the District of Columbia and a consumer and member of the general public.

5.     Defendant One Brands d/b/a "Oh Yeah!" is a foreign limited liability corporation with its principal office in the State of North Carolina. One Brands manufactures and distributes nutrition bars, nutrition shakes, and nutritional protein powders, throughout the United States and specifically to consumers in the District of Columbia.

6.     One Brands manufactures and distributes products through the trade names "Oh Yeah!" and "One" and includes a line of nutrition bars known as "One Bars." The One Bar line of products includes: One Chocolate Brownie Bar, One Birthday Cake Bars, and One Salted Caramel Bars (the "Products").

7.     These products are sold and purchased for personal use and consumption in the District of Columbia.

## THE SALE OF UNHEALTHY SUGAR-LADEN NUTRITION BARS
## AS A DECEPTIVE PRACTICE

8.     Each of the preceding paragraphs is incorporated by reference herein.

9.     Advertisements, packages and labels should provide consumers with accurate information as to the nature and quality of a product's contents and should assist in making informed decisions. When material information about a product misrepresented, it is deceptive and can mislead consumers, such as Plaintiff Mariotti.

10.     This is particularly true when the advertisements target consumers seeking specific formulations or ingredients in a product for the purpose of complying with dietary restrictions,

such as ketogenic diets, so-called "paleo diets," or other low carbohydrate diets, as well as being safe for consumption for customers who are diabetic.

11.     According to One Brands' website, "We made too-good-to-be-true snacking our reality" and have created "the perfect snack. One that's loaded with protein. *One that's low in sugar. One with totally indulgent flavors that seem too good to be true . . .* and one that offers anytime Guilt Free Indulgence."

12.     One Brands represents that "great taste and good health are not mutually exclusive," and can be achieved through the consumption of One Bars.

13.     One Brands further represents on its website that One Bars are conducive to a healthy, active lifestyle, because One Bars are high in protein and low in sugar, and that each "One Bar is packed with a whopping 20 grams of protein - but only 1 gram of sugar - all delivered in deliciously decadent, too-good-to-be-true flavors."

14.     With respect to the Chocolate Brownie One Bar, One Brands represents that the "decadent, cocoa-infused bar with 20 grams of protein and only 1 gram of sugar" is "the perfect reward for any workout, whether it's in the weight room or in the board room."

15.     With respect to the Birthday Cake One Bar, One Brands also represents that "with just 1 gram of sugar, you can celebrate [by eating a Birthday Cake One Bar] morning, noon or night, any day you want."

16.     One Brands represents that the One Bars are the perfect complement to sedentary office work, exercise at the gym, or "just because."

## ONE BAR GOES GREAT WITH:



| THE OFFICE | THE GYM | JUST BECAUSE |

17.     On its website and on every One Bar's packaging, One Brands prominently and repeatedly represents that the One Bar contains "only 1 gram of sugar."





18.     One Brands also represents that the One Bars are certified by NSF, "The Public Health and Safety Organization." One Brands represents that it participates in the "NSF Certified

4

for Sport Program," which "certifies that what is on the label is in the [One Bars.]" One Brands further states that its NSF testing serves to "verify label claims against product contents," and that "NSF helps establish credibility and provides the consumer assurance through the (sic) vigorous laboratory testing." One Brands specifically represents that "all of our products are tested" for "label content verification" by the NSF, including One Bars. A review of the NSF Certified for Sport website, however, contain no certification of One Bars. *See* http://www.nsfsport.com/certified-products/searchresults.php?goal=&type=&brand=OhYeah%21.

19.     Independent laboratory testing completed at the direction of Mr. Mariotti revealed that the three One Bars tested contained from 640% - 1100% more sugar than the "1 gram of sugar" represented prominently on the One Bar's label and in One Brand's advertising and promotional materials. Specifically, (1) the Chocolate Brownie One Bar tested contained more than 6 grams of sugar, (2) one Birthday Cake One Bar tested contained more than 6 grams of sugar, and (3) the second Birthday Cake One Bar tested contained 11 grams of sugar,

20.     One Brands' sale of One Bars deceives consumers, because the front of the package touts the low sugar content of the bars.

21.     One Brands' advertising deceives consumers by stating that the bars contain "only 1 gram of sugar" and that One Bars are "low in sugar," can be consumed with "0 regrets" and "offer[] anytime Guilt Free Indulgence."

22.     One Brands further deceives consumers by stating that the One Bars are certified under the NSF "Certified for Sport Program," and that NSF has confirmed that "what is on the label is in the [One Bars.]"

23.     One Brands' sale of the One Bars is deceptive to consumers, including Mr. Mariotti, because there is no practical way for them to know prior to purchase that the One Bar is laden with sugar despite being marketed as a low sugar, healthy product.

## PURCHASE

24.    Each of the preceding paragraphs is incorporated by reference herein.

25.    On October 21, 2017 Plaintiff Mariotti purchased two Birthday Cake One Bars and one Chocolate Brownie One Bar from Vitamin Shoppe #311 located at 3100 NW 14th St., Washington D.C., 20010, for $8.00.

26.    The Vitamin Shoppe websites include rave reviews relating to the Birthday Cake One Bars' purportedly low sugar content and suitability for a variety of low-carb diets:

- "These are the best tasting protein bars I've had. They are also great for a ketogenic diet because the sugar count is super low."

- "One of the best tasting protein bars I've had that is VERY Macro and KETO friendly."

- "Heard the taste is amazing and my kid can eat it as a healthy snack too."

- "These are delicious and macro-friendly!"

27.    Upon information and belief, Defendant has sold numerous One Bars to the general public of the District of Columbia.

28.    Upon information and belief, One Brands sells its products in the District of Columbia through a number of distributors and retailers to the general public, including through Amazon and Vitamin Shoppes.

29.    Plaintiff acts for the benefit of the General Public as a Private Attorney General for claims in this action arising under the DC CPPA, which expressly authorizes an individual to act "on behalf of both the individual and the general public ... seeking relief from the use of a trade practice in violation of a law of the District when that trade practice involves consumer goods or services that the individual purchased...." D.C. Code § 28-3905(k)(1)(B).

## CLASS ACTION ALLEGATIONS

30.     Each of the preceding paragraphs is incorporated by reference herein.

31.     Plaintiff brings this class action pursuant to D.C. Super. Ct. R. Civ. P. 23 and case law there under on behalf of herself and all others similarly situated. Given the potential complexity of this case, Plaintiff hereby seeks relief from the 90-day filing requirement set forth by Local Rule 23-I and seeks that a schedule for the briefing of Class certification be set forth at the initial scheduling conference of this matter.

32.     The Class is defined as follows:

**THE CLASS:**

All individuals and entities in the District of Columbia who purchased One Brands One Bars. Excluded from the Class and Subclass are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) One Brands and its subsidiaries and affiliates; and (c) all persons who properly execute and file a timely request for exclusion from the Class.

33.     *Numerosity*: The Class is comprised of at least hundreds of purchasers of One Bars throughout the District of Columbia, making joinder impractical. Moreover, the Class is composed of an easily ascertainable, self-identifying set of individuals and entities who purchased One Bars. The members of the Class are so numerous that joinder of all members is impracticable.  The precise number of Class members can only be ascertained through discovery, which includes Defendant' sales, testing, and complaint records.  The disposition of their claims through a class action will benefit both the parties and this Court.

34.     *Commonality*: There are questions of law and fact common to the Class that exist as to all members of the Class and predominate over any questions affecting only individual members of the Class including the following:

    a.      Whether the One Bar label is misleading as to the true nature, composition, and health benefits of its ingredients;

7

     b.     Whether One Bars are "low in sugar;"

     c.     Whether One Bars are suitable for low-carbohydrate diets, including ketogenic diets;

     d.     Whether One Bars are falsely represented as registered under NSF "Certified for Sport Program";

     e.     Whether the NSF Certified for Sport Program has certified "that what is on the label is in the [One Bars.]"

     f.     Whether Defendant concealed from consumers and/or failed to disclose to consumers the true nature of One Bars;

     g.     Whether Plaintiff and the Class are entitled to compensatory damages; and

     h.     Whether Plaintiff and the Class are entitled to restitution and/or disgorgement.

35.    *Typicality*: Plaintiff's claims are typical of the claims of the members of the Class, as all such claims arise out of Defendant conduct in developing, marketing, advertising, warranting, and selling One Bars.

36.    *Adequate Representation*: Plaintiff will fairly and adequately protect the interests of the members of the Class and has no interests antagonistic to those of the Class. Plaintiff has retained counsel experienced in the prosecution of complex class actions, including but not limited to consumer class actions involving, inter alia, product misrepresentation, breach of warranties and defective products.

37.    *Predominance*: This class action is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a Class action is superior to other available methods for the fair and

efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable. Should individual Class members be required to bring separate actions, this Court would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

38.     Plaintiff reserves the right to revise Class definitions and questions based upon facts learned in discovery.

<u>Count I</u>
**UNLAWFUL AND DECEPTIVE TRADE PRACTICES – D.C. Code § 28-3905**

39.     Each of the preceding paragraphs is incorporated by reference herein.

40.     Plaintiff, on behalf of himself as an individual and on behalf of all others similarly situated, brings this action pursuant to D.C. Code § 28-3905(k).

41.     Plaintiff purchased One Bars as a member of the consumer public.  This purchase included the purpose of testing and evaluating whether One Bars have been unlawfully and deceptively sold pursuant to DC Code § 28-3904 in that Defendant:

    a.  Failed to state material facts regarding the product's contents that tend to mislead by omitting that the product contains sugar content that far exceeds Defendant's written representations;

    b.  Misrepresents as to a material fact in the claim that One Bars are "low in sugar" when they are not.

    c.  Misrepresents the One Bars' participation in the NSF Certified for Sport Program;

    d.  Misrepresents that the NSF Certified for Sport Program has certified "that what is on the label is in the [One Bars.]"

    a.  Sells consumer goods in a condition or manner not consistent with operation or requirement of federal law, and;

    b.  Otherwise is misleading.

42.    Defendant has intentionally made these material omissions and/or misrepresentations knowing that they had the tendency to mislead consumers.

43.    D.C. Code § 28-3901(c) establishes an enforceable right to truthful information from merchants about consumer goods and services that are or would be purchased, leased, or received in the District of Columbia.

44.    As a result of Defendant' unfair and deceptive trade practices detailed herein, Plaintiff and consumers in the District of Columbia are deprived of truthful information regarding One Bars.

45.    As a result of these unfair and deceptive trade practice, Plaintiff seeks actual damages, statutory damages, punitive damages, injunctive relief, and reasonable attorney's fees for himself and for all others similarly situated.

## Count II
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

46.    Each of the preceding paragraphs is incorporated by reference herein.

47.    Under section D.C. Code § 28:2-314, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.

48.    Defendant is a merchant who manufactured and/or sold the One Bar to Plaintiff and the Class for personal use.

49.     Under D.C. Code § 28:2-314, the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

50.     Goods to be merchantable must be at least such as:

      a.     Pass without objection in the trade under the contract description; and

      b.     Are fit for the ordinary purposes for which such goods are used.

51.     One Bars do not pass without objection in the trade because they are unsuitable for their purpose as a healthy nutrition bar with low sugar content.

52.     One Bars are not fit for the ordinary purposes for which such goods are used because they contain far more sugar than the "1 gram" prominently featured in One Brand's advertisements.

53.     The foregoing breach of the implied warranty at issue was a substantial factor in causing damages to Plaintiff and the Class.

54.     If members of the Class had known the true facts about the true sugar content in One Bars, they would have considered that information material in their decisions to purchase the One Bars.

55.     Plaintiff and members of the Class are entitled to the full remedies provided under Article 2 of the Uniform Commercial Code as adopted by the District of Columbia as well as all other applicable remedies.

## Count III
## BREACH OF EXPRESS WARRANTY

56.     Each of the preceding paragraphs is incorporated by reference herein.

57.     One Brands expressly warranted that One Bars contained "just 1 gram of sugar."

58.     One Brands expressly warranted that the One Bars are part of NSF's "Certified for Sport Program," and that NSF has confirmed that "what is on the label is in the [One Bars.]"

59.     One Brands extended express warranties to consumers, including Plaintiff, by way of product descriptions and representations as to product qualities, composition, and characteristics made in sales literature on One Bars' packaging, on One Brands website, and via advertisements, among other methods.

60.     The One Bars do not contain "just 1 gram of sugar," nor have they been tested or confirmed to have accurate labeling through NSF's Certified for Sport Program.

61.     One Brands knew, when it made express warranties, that One Bars contained more sugar than One Brands represented and that the One Bars are not certified under NSF's Certified for Sport Program.

62.     One Brands' failure to remedy the defective nature of One Bars constitutes a breach of express warranty.

63.     The foregoing breach of express warranty was a substantial factor in causing damages to Plaintiff.

64.     If Plaintiff had known the true facts about One Bars' sugar content, he would have considered that information material in his decision to purchase One Bars.

65.     Plaintiff is entitled to the full array of remedies provided under Article 2 of the Uniform Commercial Code as adopted by the District of Columbia as well as other applicable remedies.

**Count IV**
**UNJUST ENRICHMENT**

66.     Each of the preceding paragraphs is incorporated by reference herein.

67.     Defendant One Brands received payment from Plaintiff and members of the class directly and through third-party distributors, such as Vitamin Shoppe, in exchange for goods.

68.     Unbeknownst to Plaintiff and members of the Class, Defendant was not marketing,

12

advertising, and selling the good in a lawful and truthful manner.

69.     Defendant has knowledge of said benefit.

70.     Defendant has been unjustly enriched and it would be inequitable for Defendant to retain Plaintiff's payments and members of the class' payments.

71.     As a result, Plaintiff has been proximately harmed and/or injured.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Andrew Mariotti, on behalf of himself, and all others similarly situated, prays for a judgment against Defendant as follows:

A.     Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Super. Ct. R. Civ. P. 23(a), (b)(2), (b)(3), and/or (c)(4);

B.     Designating Plaintiff as representative of the Class and his counsel as Class counsel;

C.     Entering judgment in favor of Plaintiff, the Class and the general public of the District of Columbia and against Defendant for all compensatory, individual and class damages;

D.     Granting Plaintiff, and the Class and the general public of the District of Columbia treble damages or statutory damages, whichever is greater;

E.     Granting Plaintiff its costs of prosecuting this action, including attorneys' fees, experts' fees and costs together with interest; and

F.     Granting an injunction against One Brands that it be barred from producing, manufacturing, packaging and/or selling its mislabeled One Bars to consumers in the District of Columbia; and

G.     Granting such further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.


Dated: February 13, 2018                    Respectfully submitted,

                                            MIGLIACCIO & RATHOD LLP


                                            /s/ Nicholas A. Migliaccio
                                            Nicholas A. Migliaccio, Esq.,
                                            (Bar No. 484366)
                                            Jason S. Rathod
                                            (Bar No. 1000882)
                                            Esfand Y. Nafisi
                                            412 H St., NE
                                            Suite 302
                                            Washington, DC 20002
                                            (202) 470-3520 (Tel.)
                                            (202) 800-2730 (Fax)
                                            nmigliaccio@classlawdc.com

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues raised herein pursuant to Rule 38 of the Superior Court Rules of Civil Procedure.


                                            /s/ Nicholas A. Migliaccio
                                            Nicholas A. Migliaccio, Esq.,

# Summons



**Superior Court of the District of Columbia**
CIVIL DIVISION
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
Telephone: (202) 879-1133 Website: www.dccourts.gov

**ANDREW MARIOTTI, on behalf of himself and all others similarly situated**
_____
                                              Plaintiff
                    vs.

                                                            Case Number _____

**ONE BRANDS, LLC**
_____
                                              Defendant

### SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

**Nicholas A. Migliaccio**
_____
Name of Plaintiff's Attorney

**412 H St. NE, Suite 302**
_____
Address
**Washington D.C. 20002**

**(202) 470-3520**
_____
Telephone

_Clerk of the Court_

By _____
                    Deputy Clerk

Date _____

如需翻译，请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202)879-4828로 전화주십시오.     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                  Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                                          Demandante

        contra

                                          Número de Caso: _____

_____
                                          Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____          *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

                                          Por: _____
_____
Dirección                                           Subsecretario

_____          Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

번역이 필요하시면 (202) 879-4828로 전화주십시오          ፕ"ማ"ርች ፒርጎ"ም ስ"ማግግ" (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                          Super. Ct. Civ. R. 4

# Civil Information Sheet

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

ANDREW MARIOTTI, on behalf of
himself and all others similarly situated

ONE BRANDS, LLC

Case Number: _____

Date: 02/13/2018

☐ One of the defendants is being sued
in their official capacity.

Name: *(Please Print)*  Nicholas A. Migliaccio

Firm Name:  Migliaccio & Rathod LLP

Telephone No.: 202-470-3520    Six digit Unified Bar No.: 484366

**Relationship to Lawsuit**

☑ Attorney for Plaintiff
☐ Self (Pro Se)
☐ Other: _____

TYPE OF CASE: ☐ Non-Jury    ☐ 6 Person Jury    ☑ 12 Person Jury

Demand: $ _____    Other: Monetary damages and injunctive relief believed to exceed jurisdictional minimum

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____    Judge: _____

Case No.: _____    Judge: _____    Calendar#: _____

---

NATURE OF SUIT:    *(Check One Box Only)*

**A. CONTRACTS**                    **COLLECTION CASES**

☐ 01 Breach of Contract        ☐ 14 Under $25,000 Pltf. Grants Consent    ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty        ☐ 17 OVER $25,000 Pltf. Grants Consent    ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument     ☐ 27 Insurance/Subrogation                ☐ 26 Insurance/Subrogation
☐ 07 Personal Property              Over $25,000 Pltf. Grants Consent          Over $25,000 Consent Denied
☐ 13 Employment Discrimination ☐ 07 Insurance/Subrogation                ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees          Under $25,000 Pltf. Grants Consent          Under $25,000 Consent Denied
                               ☐ 28 Motion to Confirm Arbitration
                                   Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 01 Automobile               ☐ 03 Destruction of Private Property    ☐ 05 Trespass
☐ 02 Conversion               ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process          ☐ 10 Invasion of Privacy            ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection   ☐ 11 Libel and Slander                  Not Malpractice)
☐ 03 Assault and Battery       ☐ 12 Malicious Interference         ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 13 Malicious Prosecution        ☐ 19 Wrongful Eviction
☑ 05 Deceit (Misrepresentation) ☐ 14 Malpractice Legal            ☐ 20 Friendly Suit
☐ 06 False Accusation          ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 21 Asbestos
☐ 07 False Arrest              ☐ 16 Negligence- (Not Automobile,  ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                         Not Malpractice)               ☐ 23 Tobacco
                                                                  ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE    IF USED

CV-496/June 2015

# Information Sheet, Continued

## C. OTHERS

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  - (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  - (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify,
  - Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

## II.

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  - Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  - Judgment [ D.C. Code §
  - 2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  - 42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  - [Rule 28-1 (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  - (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

## D. REAL PROPERTY

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

/s/ *Nicholas A. Migliaccio*

Attorney's Signature

02/13/2018

Date